KHOUZAM, Judge.
 

 Jamel Lee Bell appeals his convictions for first-degree murder, attempted robbery with a firearm, and robbery. We affirm Bell’s convictions for robbery and first-degree murder. We reverse Bell’s conviction for attempted robbery with a firearm, and we remand with directions.
 

 This case involves two separate incidents and two different victims. In regard to the incident that led to Bell’s conviction for robbery, the victim survived and testified against Bell at trial. We affirm Bell’s conviction for robbery without further comment.
 

 In regard to the incident that led to Bell’s conviction for first-degree murder, the State presented alternative theories of premeditation and felony murder. In this case, the latter theory required the State to establish, among other things, that Bell committed an attempted robbery with a firearm upon the victim who did not survive.
 

 The evidence was insufficient to establish a prima facie case of guilt for attempted robbery with a firearm. Thus, we must reverse Bell’s conviction for attempted robbery with a firearm. Notwithstanding our reversal of the underlying felony, however, reversal of Bell’s conviction for first-degree murder is not warranted. The jury returned a general verdict of guilt for first-degree murder, and the evidence was sufficient to establish premeditation. Accordingly, we affirm Bell’s conviction for first-degree murder.
 
 See San Martin v. State,
 
 717 So.2d 462, 470 (Fla.1998) (explaining that a general guilty verdict cannot be upheld if the conviction may have rested on an unconstitutional ground or a legally inadequate theory, but that “reversal is not warranted where the general verdict could have rested upon a theory of liability without adequate evidentiary support when there was an alternative theory of guilt for which the evidence was sufficient”);
 
 see also Davis v. State,
 
 922 So.2d 438 (Fla. 5th DCA 2006) (affirming conviction based on premeditated murder theory).
 

 Bell’s convictions for robbery and first-degree murder are affirmed. His conviction for attempted robbery with a firearm is reversed and the matter is remanded to the trial court with directions to vacate the judgment and sentence for this offense. Because Bell’s sentences for these offenses are being served concurrently, our reversal of the attempted robbery with a fire
 
 *211
 
 arm conviction will not affect Bell’s sentences and he need not be present for resentencing.
 

 Affirmed in part; reversed in part; and remanded with directions.
 

 CASANUEVA, C.J., and KELLY, J., Concur.